JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DONNA AGYEKUM

**DEFENDANTS**
DRM HOLDINGS D/B/A DRM/JPC BRANDS
ANTHEM BLUE CROSS & BLUE SHIELD

(b) County of Residence of First Listed Plaintiff: **Hamilton**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **New York**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher L. Jackson, Law Offices of Christopher L. Jackson, LLC, Jackson Law Building, 121 East 4th Street, Covington, KY 41011
(513) 861-8000

Attorneys *(If Known)*
Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP, Robert D'Anniballe, Jr., 200 Stanton Blvd., Ste. 100, Steubenville, OH 43952
(740) 282-6705

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☒ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Product liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 02/04/2016
SIGNATURE OF ATTORNEY OF RECORD: /s/ Robert D'Anniballe, Jr.

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | |
|---|---|
| DONNA AGYEKUM, | ) |
|     Plaintiff, | ) NO. _____ |
| v. | ) |
| DRM HOLDINGS D/B/A DRM/JPC BRANDS | ) Electronically Filed: February 4, 2016 |
| and | ) |
| ANTHEM BLUE CROSS & BLUE SHIELD | ) |
|     Defendants. | ) |

## NOTICE OF REMOVAL

TO:    THE HONORABLE COURT
         CLERK OF COURT

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant, DRM HOLDINGS d/b/a DRM/JPC BRANDS ("DRM"), by and through its counsel, hereby gives notice of the removal of the above-styled action from the Court of Common Pleas of Hamilton County, Ohio, Case No. A1600064, to the United States District Court for the Southern District of Ohio. In support of removal, Defendant states as follows:

### I.    BACKGROUND

1. On or about January 6, 2016, Plaintiff Donna Agyekum ("Plaintiff") commenced this action by filing a Complaint in the Court of Common Pleas of Hamilton County, Ohio.

2. Plaintiff is a citizen of Ohio. (Compl. ¶ 1).

3. The Complaint names defendant DRM Holdings d/b/a DRM/JPC Brands and Plaintiff's medical insurer, Anthem Blue Cross & Blue Shield, as a potential subrogee.

4. Plaintiff alleges that Defendant DRM is a corporation with its principal place of business located in New York. (Compl. ¶ 2).

5. Plaintiff alleges that Anthem Blue Cross & Blue Shield ("Anthem") is a corporation with its principal place of business in Indiana. (Id. ¶ 3).

6. Plaintiff alleges that while using a product allegedly manufactured and distributed by defendant, DRM, on February 2, 2014, a spark caught her hair on fire. (Id. ¶ 6).

7. Plaintiff contends that as result of this incident, she sustained "third degree burns, causing Plaintiff, Donna Agyekum, permanent injuries, past and future medical expenses, past and future lost wages, past and future pain and suffering, disfigurement, humiliation and loss of enjoyment of life." (Id. ¶ 13).

8. Plaintiff contends that she is entitled to judgment in excess of Twenty-Five Thousand ($25,000.00) Dollars as compensatory damages. Plaintiff further contends that she is entitled to punitive damages pursuant to Ohio Revised Code § 2315.21 and/or common law based on the alleged conduct of Defendant DRM, which Plaintiff contends demonstrates "malice, aggravated or egregious fraud, oppression, insult, indifference and in disregard to the life, health and well-being of the public, including plaintiff, Donna Agyekum." (Id. ¶¶ 14, 19 and 22).

9. The Plaintiff's Complaint purportedly sets forth causes of action for strict liability, failure to warn, breach of express and implied warranties, negligent design, negligence, and punitive damages.

10. Plaintiff asserts she was covered by a policy of health with Anthem and that Anthem should have paid or may have paid some of her medical bills rising from the subject incident. (Id. ¶¶ 24-25).

11. Plaintiff asserts that pursuant to the terms of that policy, Anthem is or may be subrogated to a portion of Plaintiff's claim against Defendant DRM, and should be required to assert its interests herein. (Id. ¶ 26).

12. Although Plaintiff identifies Anthem as a "Defendant" a clear reading of the Complaint reveals that Plaintiff is not asserting a "claim" against Anthem. Rather, Plaintiff asserts that Anthem has a potential claim for subrogation. As such, Anthem should be aligned with Plaintiff and considered a Plaintiff for the purposes of determining jurisdiction.

### III. JURISDICTIONAL REQUIREMENTS FOR REMOVAL

**A. The Matter In Controversy Exceeds $75,000.00.**

13. Plaintiff alleges that she sustained third-degree burns to her head, neck and shoulder, and that she suffered severe and permanent injuries, past and future medical expenses, past and future lost wages, past and future pain and suffering, disfigurement, humiliation and loss of enjoyment of life. (Compl. ¶ 18).

14. Plaintiff seeks compensatory damages in excess of $25,000.00, as well as for punitive damages for the alleged conduct of defendant DRM that Plaintiff claims rises to the level of malice, aggravated or egregious fraud. (Id. ¶ 21).

15. Under Ohio Civ. R. 8(A), a party's complaint is required to state that the party seeks more than $25,000 but "shall not specify in the demand for judgment the amount of recovery sought." See Ohio Civ. R. 8(A). Such a generic pleading is not dispositive in determining the amount in controversy. Karl v. Bizar, 2009 WL 2175981 at * 3 (S.D. Ohio July 21, 2009) ("in excess of $25,000" is a "boilerplate demand that is commonly made in Ohio state courts."). Accordingly, the Court looks beyond the monetary request in the Complaint to determine whether the amount in controversy is met. See id.

16. Here, while the Complaint does not explicitly claim an amount greater than $75,000, Plaintiff is seeking compensatory damages for permanent injuries, past and future medical expenses, disfigurement, and humiliation. Further, Plaintiff's medical expenses, the amounts of which have been provided by her counsel, are in excess of $250,000.

**B.      Complete Diversity Exists**

17. Plaintiff is a citizen of Ohio.

18. Anthem is incorporated in and maintains its principle place of business in the state of Indiana, and is therefore a citizen of Indiana.

19. DRM is incorporated in and maintains it principle place of business in state of New York, and is therefore a citizen of New York.

20. Plaintiff has named Anthem as a party based on Anthem's potential right of subrogation for payment of Plaintiff's medical bills relating to the incident. Plaintiff does not seek any monetary recover against Anthem. As a potential subrogee for medical payments paid to Plaintiff, Anthem's interest is aligned with Plaintiff for the purposes of determining diversity jurisdiction. See Smith v. General Motors Corp., No. 2:11-cv-782, 2011 WL 5999865) (S.D. Ohio Nov. 30, 2011) (holding that the interests of a subrogated insurer is aligned with plaintiff for purposes of determining diversity jurisdiction).

21. Thus, complete diversity exists between Defendant DRM, and the parties on the opposite side of this controversy—Plaintiff and Anthem.

22. Accordingly, the Court has original jurisdiction over this action, as there is complete diversity of citizenship among the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1).

### III. PROCEDURAL ELEMENTS FOR REMOVAL

#### A. Removal is Timely

23. At the time of removal, DRM has not yet been served with the Complaint. As such, this matter is timely removed within the period for removal set forth in 28 U.S.C. § 1446(b).

#### B. Venue is Proper

24. Venue is proper as well given that this action is properly removed to the United States District Court for the Southern District, Western Division, of Ohio because the matter was originally filed in the Court of Common Pleas of Hamilton County, Ohio, which lies geographically within this District. See 28 U.S.C. §§ 129(a), 1441(a).

#### C. The Remaining Procedural Elements Are Satisfied

25. A complete copy of Plaintiff's Complaint is attached hereto as Exhibit A. No pleadings, orders, or other papers have been served on DRM.

26. A copy of this Notice will be filed with the Clerk of the Court of Common Pleas of Hamilton County, Ohio, and served on all parties. See 28 U.S.C. § 1446(d).

27. Ohio courts have held that the proper arrangement of the parties "must be ascertained from the 'principal purpose of the suit' and the primary and controlling matter in dispute." Smith, 2011 WL 5999865 at *1 (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941)). In Smith, Judge Sargus denied plaintiffs motion to remand and realigned insurance companies as plaintiffs after determining that the insurance companies had only a subrogation interest in the action, which was "clearly secondary" to the dispute against the primary parties. Id. at *2. Given that Anthem is aligned with Plaintiff and is effectively a Plaintiff entitled to seek subrogation, Anthem's consent to removal is not necessary.

28. No previous application has been made for the relief requested in this removal.

29. Thus, all procedural requirements for removal have been satisfied.

WHEREFORE, Defendant DRM HOLDINGS d/b/a DRM/JPC Brands removes this action to the United States District Court for the Southern District of Ohio.

Dated: February 4, 2016

                      Respectfully submitted,

                      PIETRAGALLO, GORDON ALFANO
                      BOSICK & RASPANTI, LLP


                      By:  */s/ Robert D'Anniballe, Jr.*
                             Robert D'Anniballe, Jr., Esquire
                             (OH Bar No. 0003585)

                      200 Stanton Boulevard, Suite 100
                      Steubenville, OH 43952

                      *Attorneys for Defendant,*
                      *DRM HOLDINGS, d/b/a DRM/JPC BRANDS*

#3095289

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal was served via First Class U.S. Mail, postage prepaid, this 4th day of February, 2016 upon the following:

Christopher L. Jackson
Law Offices of Christopher L. Jackson, LLC
Jackson Law Building
121 East 4th Street
Covington, KY 41011

*Counsel for Plaintiff*

Timothy A. Ita
Roberts, Matejczyk & Ita Co., L.P.A
5045 Park Avenue West, Suite 2B
Seville, OH 44273

*Counsel for Anthem*

By: /s/ Robert D'Anniballe, Jr.

IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| **DONNA AGYEKUM**<br>10612 Morning Glory Lane<br>Cincinnati, Ohio 45240 | : <br> : <br> : | Case No.: **A 1 6 0 0 0 6 4**<br><br>Judge |
| Plaintiff,<br>vs. | : <br> : <br> : | **COMPLAINT** |
| **DRM HOLDINGS D/B/A**<br>**DRM/JPC BRANDS**<br>40 East 34th Street, Suite 405<br>New York, New York 10016-4402 | : <br> : <br> : <br> : <br> : | COPY FILED<br>CLERK OF COURTS<br>HAMILTON COUNTY |
| AND | : <br> : | JAN - 8 2016 |
| **ANTHEM BLUE CROSS &**<br>**BLUE SHIELD**<br>120 Monument Circle<br>Indianapolis, Indiana 46204 | : <br> : <br> : <br> : <br> : | TRACY WINKLER<br>COMMON PLEAS COURTS |
| Defendants. | : | |

Now comes the Plaintiff, by and through counsel, and as and for her Complaint against Defendant states as follows:

1.      Plaintiff, Donna Agykum resides at 10612 Morning Glory Lane, Cincinnati, Ohio 45240 and resided at 1908 Savannah Way, Cincinnati, Ohio 45224 during the incident.

2.      Defendant DRM/JPC Brands is a corporation with a principle place of business located at 40 East 34th Street, Suite 405, New York, New York.

3.      Anthem Blue Cross & Blue Shield is a corporation that provides health insurance with a principle place of business located at 120 Monument Circle, Indianapolis, Indiana.



EXHIBIT A

4. All occurrences, which formed the basis of this complaint, occurred within Hamilton County, Ohio.

## COUNT ONE

5. Plaintiff hereby incorporates Paragraphs one through four as through fully rewritten herein.

6. On or about February 1, 2014, Plaintiff Donna Agyekum was using Dr. Miracle's leave in conditioner. Donna properly applied the leave in conditioner; however when she straightened her hair on February 2, 2014 a spark caught her hair on fire.

7. Defendant, DRM/JPC Brands manufactures Dr. Miracle's Leave In Conditioner for the public, including Plaintiff, Donna Agyekum, and deviated in a material way from design specifications, formula, or performance standards of otherwise identical units manufactured to the same design specifications formula or performance standards.

8. Defendant, DRM/JPC Brands manufactures Dr. Miracles Leave In Conditioner for the public, including Plaintiff, Donna Agyekum, that was defectively formulated in that when it left the control of the manufacturer the foreseeable risks associated with its design or formulation were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

9. Defendant, DRM/JPC Brands manufactured Dr. Miracles Leave In Conditioner for the public that was defective due to inadequate warning or instruction in that at the time when it left their control or at a relevant time thereafter, they knew or in the exercise or reasonable care, should have known about the risks associated with the Leave In Conditioner when used in a manner by Plaintiff, Donna Agyekum on February

2, 2014, and it failed to provide the warning or instruction that a manufacturer, retailer, renter, etc. would have provided in light of the likelihood that the Leave In Conditioner would cause harm of the type sustained by Plaintiff, Donna Agyekum on February 2, 2014.

10. Defendant DRM/JPC Brands manufactured Dr. Miracles Leave In Conditioner for the public that was defective because it did not conform to a representation made by the manufacturer, retailer, renter, etc.

11. Defendant, DRM/JPC Brands breached both express and implied warranties.

12. Defendant DRM/JPC Brands is strictly liable for their product and warning labels.

13. As a direct and proximate result of Defendant, DRM/JPC Brands' conduct, the Dr. Miracle's Leave In Conditioner caught fire, while in use, leaving Mrs. Agyekum with third degree burns, causing Plaintiff, Donna Agyekum permanent injuries, past and future medical expenses, past and future lost wages, past and future pain and suffering, disfigurement, humiliation and loss of enjoyment of life.

14. Plaintiff, Donna Agyekum is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

## COUNT TWO

15. Plaintiff hereby incorporates Paragraphs one through 14 as through fully rewritten herein.

16. Defendant, DRM/JPC Brands negligently designed, manufactured, distributed, the subject Leave In Conditioner.

17. Furthermore, Defendant, DRM/JPC Brands negligently failed to comply with the applicable safety standards regarding the leave in conditioner and failed to warn and instruct Plaintiff, Donna Agyekum of the risks associated with the leave in conditioner.

18. As a direct and proximate result of Defendant, DRM/JPC Brands conduct, the Dr. Miracle's Leave In Conditioner caught fire, while in use, causing Plaintiff, Donna Agyekum to incur third degree burns to her head, neck and shoulder and suffer severe and permanent injuries, past and future medical expenses, past and future lost wages, past and future pain and suffering, disfigurement, humiliation and loss of enjoyment of life.

19. Plaintiff, Donna Agyekum is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

### COUNT THREE

20. Plaintiff hereby incorporates Paragraphs one through 19 as through fully rewritten herein.

21. Plaintiff believes from the available facts that the damages she has suffered are the result of conduct by Defendant, DRM/JPC Brands that demonstrates malice, aggravated or egregious fraud, oppression, insult, indifference and in total disregard to the life, health and well being of the public, including Plaintiff, Donna Agyekum, entitling Plaintiffs to punitive damages pursuant to Ohio Revised Code Section 2315.21 and/or common law.

22.  Plaintiff, Donna Agyekum is entitled to judgment against Defendant, Dr. Miracle's in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for punitive damages.

### COUNT FOUR

23.  Plaintiff hereby incorporates Paragraphs one through 22 as through fully rewritten herein.

24.  Plaintiff, Donna Agyekum was covered by a policy of health insurance with Defendant, Anthem Blue Cross and Blue Shield (hereinafter Anthem) on the date of the above-described collision.

25.  As a result of the above-described incident and pursuant to the insurance policy held with Anthem, Anthem did pay, should have paid or may have paid some of Plaintiff's medical bills from the above-described incident.

26.  Pursuant to the terms of said policy, Anthem is or may be subrogated to a portion of the Plaintiff's claim against Defendant, DRM/JPC Brands and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto.

27.  Plaintiff demands that Anthem assert any interest said Defendant may have in the instant manner or otherwise be forever barred from doing so as to any party hereto.

**WHEREFORE,** Plaintiff demands judgment against Defendant, DRM/JPC Brands, in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial as and for compensatory damages; Plaintiff further demands judgment against Dr. Miracle's in an amount yet to be determined, but in

excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial as and for punitive damages; Plaintiff further prays for Defendant, Anthem to state a claim for subrogation or be forever barred from raising the same.

Respectfully submitted,

Christopher L. Jackson (0076220)
*Attorney for Plaintiff, Donna Agykum*
Law Offices of Christopher L. Jackson, LLC
Jackson Law Building
121 East 4th Street
Covington, KY 41011
Phone: (513) 861-8000
Fax:   (859) 261-0888
Email: jackson@christopherjacksonlaw.com

### INSTRUCTIONS TO CLERK

Please serve the Complaint at the addresses identified in the caption.

Christopher L. Jackson (0076220)