IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| **DONNA AGYEKUM**<br>10612 Morning Glory Lane<br>Cincinnati, Ohio 45240 | : <br>: <br>: | Case No.: **A 1 6 0 0 0 6 4**<br><br>Judge |
| Plaintiff,<br>vs. | : <br>: <br>: | **COMPLAINT** |
| **DRM HOLDINGS D/B/A**<br>**DRM/JPC BRANDS**<br>40 East 34th Street, Suite 405<br>New York, New York 10016-4402 | : <br>: <br>: <br>: <br>: | COPY FILED<br>CLERK OF COURTS<br>HAMILTON COUNTY |
| AND | : <br>: | JAN – 8 2016 |
| **ANTHEM BLUE CROSS &**<br>**BLUE SHIELD**<br>120 Monument Circle<br>Indianapolis, Indiana 46204 | : <br>: <br>: <br>: <br>: | TRACY WINKLER<br>COMMON PLEAS COURTS |
| Defendants. | : | |

Now comes the Plaintiff, by and through counsel, and as and for her Complaint against Defendant states as follows:

1. Plaintiff, Donna Agykum resides at 10612 Morning Glory Lane, Cincinnati, Ohio 45240 and resided at 1908 Savannah Way, Cincinnati, Ohio 45224 during the incident.

2. Defendant DRM/JPC Brands is a corporation with a principle place of business located at 40 East 34th Street, Suite 405, New York, New York.

3. Anthem Blue Cross & Blue Shield is a corporation that provides health insurance with a principle place of business located at 120 Monument Circle, Indianapolis, Indiana.



EXHIBIT A

4. All occurrences, which formed the basis of this complaint, occurred within Hamilton County, Ohio.

## COUNT ONE

5. Plaintiff hereby incorporates Paragraphs one through four as through fully rewritten herein.

6. On or about February 1, 2014, Plaintiff Donna Agyekum was using Dr. Miracle's leave in conditioner. Donna properly applied the leave in conditioner; however when she straightened her hair on February 2, 2014 a spark caught her hair on fire.

7. Defendant, DRM/JPC Brands manufactures Dr. Miracle's Leave In Conditioner for the public, including Plaintiff, Donna Agyekum, and deviated in a material way from design specifications, formula, or performance standards of otherwise identical units manufactured to the same design specifications formula or performance standards.

8. Defendant, DRM/JPC Brands manufactures Dr. Miracles Leave In Conditioner for the public, including Plaintiff, Donna Agyekum, that was defectively formulated in that when it left the control of the manufacturer the foreseeable risks associated with its design or formulation were more dangerous than an ordinary consumer would expect when used in an intended or reasonably foreseeable manner.

9. Defendant, DRM/JPC Brands manufactured Dr. Miracles Leave In Conditioner for the public that was defective due to inadequate warning or instruction in that at the time when it left their control or at a relevant time thereafter, they knew or in the exercise or reasonable care, should have known about the risks associated with the Leave In Conditioner when used in a manner by Plaintiff, Donna Agyekum on February

2, 2014, and it failed to provide the warning or instruction that a manufacturer, retailer, renter, etc. would have provided in light of the likelihood that the Leave In Conditioner would cause harm of the type sustained by Plaintiff, Donna Agyekum on February 2, 2014.

10. Defendant DRM/JPC Brands manufactured Dr. Miracles Leave In Conditioner for the public that was defective because it did not conform to a representation made by the manufacturer, retailer, renter, etc.

11. Defendant, DRM/JPC Brands breached both express and implied warranties.

12. Defendant DRM/JPC Brands is strictly liable for their product and warning labels.

13. As a direct and proximate result of Defendant, DRM/JPC Brands' conduct, the Dr. Miracle's Leave In Conditioner caught fire, while in use, leaving Mrs. Agyekum with third degree burns, causing Plaintiff, Donna Agyekum permanent injuries, past and future medical expenses, past and future lost wages, past and future pain and suffering, disfigurement, humiliation and loss of enjoyment of life.

14. Plaintiff, Donna Agyekum is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

## COUNT TWO

15. Plaintiff hereby incorporates Paragraphs one through 14 as through fully rewritten herein.

16. Defendant, DRM/JPC Brands negligently designed, manufactured, distributed, the subject Leave In Conditioner.

17. Furthermore, Defendant, DRM/JPC Brands negligently failed to comply with the applicable safety standards regarding the leave in conditioner and failed to warn and instruct Plaintiff, Donna Agyekum of the risks associated with the leave in conditioner.

18. As a direct and proximate result of Defendant, DRM/JPC Brands conduct, the Dr. Miracle's Leave In Conditioner caught fire, while in use, causing Plaintiff, Donna Agyekum to incur third degree burns to her head, neck and shoulder and suffer severe and permanent injuries, past and future medical expenses, past and future lost wages, past and future pain and suffering, disfigurement, humiliation and loss of enjoyment of life.

19. Plaintiff, Donna Agyekum is entitled to judgment in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for compensatory damages.

### COUNT THREE

20. Plaintiff hereby incorporates Paragraphs one through 19 as through fully rewritten herein.

21. Plaintiff believes from the available facts that the damages she has suffered are the result of conduct by Defendant, DRM/JPC Brands that demonstrates malice, aggravated or egregious fraud, oppression, insult, indifference and in total disregard to the life, health and well being of the public, including Plaintiff, Donna Agyekum, entitling Plaintiffs to punitive damages pursuant to Ohio Revised Code Section 2315.21 and/or common law.

22. Plaintiff, Donna Agyekum is entitled to judgment against Defendant, Dr. Miracle's in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00), as and for punitive damages.

### COUNT FOUR

23. Plaintiff hereby incorporates Paragraphs one through 22 as through fully rewritten herein.

24. Plaintiff, Donna Agyekum was covered by a policy of health insurance with Defendant, Anthem Blue Cross and Blue Shield (hereinafter Anthem) on the date of the above-described collision.

25. As a result of the above-described incident and pursuant to the insurance policy held with Anthem, Anthem did pay, should have paid or may have paid some of Plaintiff's medical bills from the above-described incident.

26. Pursuant to the terms of said policy, Anthem is or may be subrogated to a portion of the Plaintiff's claim against Defendant, DRM/JPC Brands and should be required to assert its interests or otherwise be forever barred from doing so as to any party hereto.

27. Plaintiff demands that Anthem assert any interest said Defendant may have in the instant manner or otherwise be forever barred from doing so as to any party hereto.

**WHEREFORE**, Plaintiff demands judgment against Defendant, DRM/JPC Brands, in an amount yet to be determined, but in excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial as and for compensatory damages; Plaintiff further demands judgment against Dr. Miracle's in an amount yet to be determined, but in

excess of Twenty-Five Thousand Dollars ($25,000.00) to be determined at trial as and for punitive damages; Plaintiff further prays for Defendant, Anthem to state a claim for subrogation or be forever barred from raising the same.

Respectfully submitted,

*signature*

Christopher L. Jackson (0076220)
*Attorney for Plaintiff, Donna Agykum*
Law Offices of Christopher L. Jackson, LLC
Jackson Law Building
121 East 4th Street
Covington, KY 41011
Phone: (513) 861-8000
Fax: (859) 261-0888
Email: jackson@christopherjacksonlaw.com

## INSTRUCTIONS TO CLERK

Please serve the Complaint at the addresses identified in the caption.

*signature*

Christopher L. Jackson (0076220)